FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

14 JUL 18 AM 11: 18

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

SANDRA GUTIERREZ,

　　　　Plaintiff,

vs.

BANANA BRANCH HARVESTING, INC.
and H.H. HARVESTING, LLC,

　　　　Defendants.
_____/

CASE NO.

2:14-cv-400-FtM-38CM

SHERI POLSTER CHAPPELL

CAROL MIRANDO

### COMPLAINT

　　　　Plaintiff, SANDRA GUTIERREZ, ("GUTIERREZ"), by and through the undersigned attorney, sues Defendants, BANANA BRANCH HARVESTING, INC. and H.H. HARVESTING, LLC, and alleges the following:

#### PRELIMINARY STATEMENT

　　1.　　This is a suit for damages in excess of $15,000.00 under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as amended, and the Florida Civil Rights Act of 1992 ("FCRA") for gender discrimination/harassment and for retaliation for complaining about discrimination/harassment.

#### JURISDICTION AND VENUE

　　2.　　This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and 42 U.S.C. Section 2000e *et seq.* of the Civil Rights Act of 1964, as amended ("Title VII"). The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28

U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendants maintain offices within this judicial district, and all events giving rise to these claims have taken place within this judicial district.

4. An award of costs and attorneys' fees is authorized pursuant to Title VII and the FCRA.

## PARTIES AND EXHAUSTION OF REMEDIES

5. Plaintiff is a thirty-five (35) year old female *sui juris*, and, at all times material to this action, was a resident of Hendry County, Florida.

6. Defendant, BANANA BRANCH HARVESTING, INC. ("BBH") is a Florida corporation with its principal address at 3235 Dellwood Terrace, LaBelle, Florida 33935.

7. Defendant, H & H HARVESTING, LLC ("H&H"), is a Florida limited liability company with a current principal address at 4021 Oak Haven Drive, LaBelle, Florida 33935, but operates out of the address of 3235 Dellwood Terrace, LaBelle, Florida 33935, the same office occupied by Defendant BBH.

8. The sole officer and director of H&H is Wesley Hansen, Jr., the son of Wesley L. Hansen, Sr., who is the sole officer and director of Defendant BBH.

9. Both Defendants share common offices, management and operations.

10. Plaintiff GUTIERREZ was, at all relevant times, an employee of both the Defendants, receiving compensation from each, performing reception and office administration services.

11. Defendants, individually and/or collectively, employed fifteen (15) employees or more for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

12. Defendants were Plaintiff GUITERREZ' employers as that term is defined under Title VII 42 U.S.C. § 2000e(b) and the FCRA in that Defendants acted as a single integrated enterprise by having interrelated operations; by the fact that labor relations were centralized; and by the fact that there was common management, common financial control of the Defendants.

13. Defendants also qualify as Plaintiff GUITERREZ' "joint employers" as that term is defined under Title VII and the FCRA because the Defendants controlled the terms and conditions of employment over the employees in each of the Defendants' companies by making joint decisions about employees' terms and conditions of employment.

14. In addition to being integrated companies and joint employers, Defendants acted as each other's agents for purposes of making decisions about employees' terms and conditions of employment.

15. Plaintiff GUTIERREZ has complied with all conditions precedent to jurisdiction under Title VII and the FCRA in that Plaintiff has filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; the Plaintiff has filed this suit within 90 days of receiving a Right to Sue notice from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and FCHR has not issued a determination in that time period; and Plaintiff

is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory and retaliatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of Plaintiff's Charge of Discrimination and Notice of Right to Sue are attached as Exhibits 1 and 2.

16. Plaintiff GUTIERREZ has retained the undersigned attorney and agree to pay a reasonable fee.

## FACTS UPON WHICH CAUSES OF ACTION ARISE

17. Plaintiff GUTIERREZ was employed by Defendant BBH on January 14, 2013 as a receptionist.

18. From virtually the start of her employment, the owner of Defendant BBH, Wesley Hansen, Sr., subjected her to sexual remarks and comments that were offensive.

19. They included, but were not limited to, comments and remarks about her "tits" and the breasts of other women, a comment to her that he took Cialis to "make [his] dick hard" and requests that she eat a banana in front of him so he could watch.

20. While employed by Defendant BBH, Plaintiff GUTIERREZ also performed work for Defendant H&H out of the same office and location.

21. Defendant H&H is owned by the son, Wesley Hansen, Jr., of the owner of Defendant BBH.

22. Plaintiff made it clear to Mr. Hansen, Sr. on more than one occasion that she took offense to his comments and that she wanted him to stop. He nonetheless continued.

23. Because neither Defendant BBH nor Defendant H&H had a sexual harassment

policy in place or even a human resources department, Plaintiff GUTIERREZ was without recourse to stop the harassment through either Defendant.

24. On August 21, 2013 Plaintiff did not report to work and, instead, took the day to begin the processing of a complaint/charge with the EEOC.

25. Plaintiff GUITERREZ let a co-worker know this in her absence and that co-worker then informed both Mr. Hansen Sr. and Mr. Hansen, Jr. of what she was doing.

26. Plaintiff GUITERREZ returned to work the following day, August 22, 2013, and as soon as Mr. Hansen, Sr. and Mr. Hansen, Jr. arrived at the office she was summarily terminated from her employment with both Defendants.

27. In the course of terminating Plaintiff GUITERREZ' employment, Mr. Hansen, Sr. stated "good luck with your little case" and "you are not going to win."

## COUNT I
### Title VII - Harassment

28. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 27 as if set forth in full herein.

29. During Plaintiff GUITERREZ' employment with Defendants she was subjected to the aforementioned unwelcomed actions and conduct of Mr. Hansen, Sr., the owner of Defendant BBH.

30. These actions and conduct interfered with Plaintiff GUITERREZ' ability to perform her job and, in turn, created a sexually hostile work environment in violation of Title VII.

31. Defendants BBH and H&H knew or should have known of the actions and

conduct of Mr. Hansen, Sr. and the sexually hostile work environment created therefrom, but failed to take any remedial action to alleviate the environment.

32. As result of the Defendants' actions or failure to act, Plaintiff GUITERREZ suffered emotional distress, lost wages and benefits, humiliation and embarrassment.

WHEREFORE, Plaintiff GUITERREZ demands judgment against Defendants BBH and H&H, jointly and severally, as follows:

A. Compensatory damages;

B. Attorneys' fees and cost;

C. Injunctive relief;

D. Lost wages and benefits;

E. Punitive damages; and

F. Such other relief as this Court shall consider fair and equitable.

## COUNT II
### FCRA - Harassment

33. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 27 and 29 as if set forth in full herein.

34. These actions and conduct interfered with Plaintiff GUITERREZ' ability to perform her job and, in turn, created a sexually hostile work environment in violation of the FCRA.

35. Defendants BBH and H&H knew or should have known of the actions and conduct of Mr. Hansen, Sr. and the sexually hostile work environment created therefrom, but failed to take any remedial action to alleviate the environment.

36. As a result of Defendants' actions or failure to act, Plaintiff GUITERREZ suffered emotional distress, lost wages and benefits, humiliation and embarrassment.

WHEREFORE, Plaintiff GUITERREZ demands judgment against Defendants BBH and H&H, jointly and severally, as follows:

A. Compensatory damages;

B. Attorneys' fees and cost;

C. Injunctive relief;

D. Lost wages and benefits;

E. Punitive damages; and

F. Such other relief as this Court shall consider fair and equitable.

## COUNT III
### Title VII - Retaliation

37. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 26 as if set forth in full herein.

38. Defendants and their managers and agents violated Title VII by retaliating against Plaintiff after she complained about sex discrimination/harassment.

39. Immediately following Plaintiff GUITERREZ complaint and/or objection to the harassment, Defendants' terminated her employment.

40. As a result of Defendants' violation of Title VII, Plaintiff GUITERREZ has suffered damages including lost wages, lost benefits, emotional distress and other compensatory damages.

WHEREFORE, Plaintiff GUITERREZ demands judgment against Defendants BBH and

H&H, jointly and severally, as follows:

A. Compensatory damages;

B. Attorneys' fees and cost;

C. Injunctive relief;

D. Lost wages and benefits;

E. Punitive damages; and

F. Such other relief as this Court shall consider fair and equitable.

## COUNT IV
### FCRA - Retaliation

41. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 27 as if set forth in full herein.

42. Defendants and their managers and agents violated the FCRA by retaliating against Plaintiff after she complained about sex discrimination/harassment.

43. Immediately following Plaintiff GUITERREZ' complaint and/or objection to the harassment, Defendants' terminated her employment.

44. As a result of Defendants' violation of the FCRA, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress and other compensatory damages.

WHEREFORE, Plaintiff GUITERREZ demands judgment against Defendants BBH and H&H, jointly and severally, as follows:

A. Compensatory damages;

B. Attorneys' fees and cost;

C. Injunctive relief;

  D.  Lost wages and benefits;

  E.  Punitive damages; and

  F.  Such other relief as this Court shall consider fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff GUITERREZ demands trial by jury as to all claims triable by right of jury under state and federal law.

           Respectfully submitted,

           **ARTHUR T. SCHOFIELD, P.A.**
           *Counsel for Plaintiff*
           330 Clematis Street, Suite 207
           Via Jardin Building
           West Palm Beach, Florida 33401
           Telephone: (561) 655-4211
           Facsimile: (561) 655-5447
           E-mail: aschofield@flalabor.com


By: /s/ Arthur Schofield, Esq.
   Florida Bar No.: 984434